**KILPATRICK TOWNSEND & STOCKTON LLP**
R. Charles Henn Jr. (RH 3049)
3 Times Square, 28th Floor
New York, NY 10036
Telephone: (212) 775-8845
chenn@ktslaw.com

Peter Willsey (*pro hac vice*)
701 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20004
Telephone: (202) 508-5867
pwillsey@ktslaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GRAY LOCAL MEDIA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE HEARST CORPORATION, a Delaware corporation, HEARST TELEVISION, INC., a Delaware corporation, HEARST PROPERTIES, INC., a Delaware corporation, and HEARST STATIONS, INC., a Nevada corporation,<br><br>Defendants. | Case No.: 1:25-cv-5393-MKV<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gray Local Media, Inc. ("Gray") states the following for its Second Amended Complaint against Defendants The Hearst Corporation, Hearst Television, Inc., Hearst Properties, Inc., and Hearst Stations, Inc. (collectively, "Hearst").

## SUBSTANCE OF THE ACTION

1. Gray is a television broadcasting and multimedia company operating approximately 180 television stations across 113 markets in the United States. Many of Gray's

television stations are affiliated with major networks, including NBC, ABC, CBS, and Fox, as well as networks such as Telemundo. Gray's television stations broadcast and provide digital streaming of a mix of programming that includes local news, weather, and traffic reporting.

2. Gray has consistently used the mark FIRST ALERT WEATHER to identify its weather reporting services since 2005. Gray has spent time, effort, and money into building recognition of the FIRST ALERT WEATHER mark, and through its hard work, the FIRST ALERT WEATHER mark has garnered considerable goodwill in the marketplace for weather reporting services, where it is recognized as a source identifier for Gray and its channels and services. Gray owns an incontestable federal trademark registration (No. 3,290,987) for the FIRST ALERT WEATHER mark covering "entertainment services in the nature of on-going television programs in the field of weather and weather reporting."

3. Gray has consistently used the mark FIRST ALERT TRAFFIC to identify its traffic reporting services since 2006. Gray has spent time, effort, and money into building recognition of the FIRST ALERT TRAFFIC mark, and through its hard work, the FIRST ALERT TRAFFIC mark has garnered considerable goodwill in the marketplace for traffic reporting services, where it is recognized as a source identifier for Gray and its channels and services. Gray owns an incontestable federal trademark registration (No. 5,124,219) for the FIRST ALERT TRAFFIC mark covering "entertainment services in the nature of ongoing television programs in the fields of traffic and traffic reporting."[1]

4. Hearst also operates television stations in a variety of markets across the United States, including in many television markets that also feature a Gray-operated station, and Hearst

[1] In this Complaint, the FIRST ALERT WEATHER mark and the FIRST ALERT TRAFFIC mark are collectively referred to as the "FIRST ALERT Marks."

is a direct competitor of Gray in the distribution of local television news programs. Recognizing the goodwill in and value of the FIRST ALERT Marks, Hearst formerly licensed the FIRST ALERT Marks for Hearst-owned stations, such as WPTZ in Burlington, Vermont, WESH and WKCF in Orlando, Florida, and WPBF in West Palm Beach, Florida. Those licenses have since expired, but Hearst continues to license use of the FIRST ALERT TRAFFIC mark for Hearst-owned stations in Kansas City. These licenses are referred to collectively as "License Agreements."

5. Despite Hearst's prior knowledge of Gray's common law and registered trademark rights in the FIRST ALERT Marks, Hearst is using the mark FIRST WARNING WEATHER in connection with weather reporting and the mark FIRST WARNING TRAFFIC in connection with traffic reporting (collectively, the "Infringing Marks") in geographic markets that overlap with those in which Gray uses the federally registered FIRST ALERT Marks.

6. The Infringing Marks are confusingly similar to the FIRST ALERT Marks, in terms of sight, sound and meaning, and Hearst's use of the Infringing Marks in connection with weather and traffic reporting is likely to confuse, mislead, and deceive consumers into believing (falsely) that the parties' weather and traffic reporting emanate from the same source or are somehow connected or affiliated.

7. This is an action at law and in equity for trademark infringement, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), and the unfair and deceptive trade practices acts of Delaware and New York. Among other relief, Gray asks this Court to: (a) permanently enjoin Hearst from using the Infringing Marks or otherwise producing, distributing, marketing, or selling services bearing confusingly similar imitations of the FIRST ALERT Marks; (b) award Gray monetary

damages and to treble that award; (c) require Hearst to disgorge all of its profits arising from its use of the Infringing Marks; and (e) award Gray punitive damages, attorneys' fees, and costs.

## PARTIES

8. Plaintiff Gray Local Media, Inc. is a Delaware corporation, having its office and principal place of business at 4370 Peachtree Road, NE, Suite 400, Atlanta, Georgia 30319.

9. Defendant The Hearst Corporation is a Delaware corporation, having its principal place of business at 300 West 57th Street, New York, New York 10019.

10. Defendant Hearst Television, Inc. is a Delaware corporation, having its principal place of business at 300 West 57th Street, New York, New York 10019.

11. Defendant Hearst Properties, Inc. is a Delaware corporation, having its principal place of business at 1918 Mellwood Avenue, Louisville, Kentucky 40206.

12. Defendant Hearst Stations, Inc. is a Nevada corporation, having its principal place of business at 300 West 57th Street, New York, New York 10019.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Gray's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

14. This Court has personal jurisdiction over Hearst because, on information and belief, (a) Hearst's principal place of business is in the State of New York; (b) Hearst regularly transacts and conducts business within the State of New York, including in this District; and (c) Hearst is engaged in tortious acts in this District by using the Infringing Marks to promote and sell their services, and harmed Gray by Hearst's tortious acts.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c)(2).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Gray's FIRST ALERT Marks

16. Gray is the nation's largest owner of top-rated local television stations and digital assets across 113 television markets.

17. Through its local television stations and digital programming, Gray offers local news reporting, including weather and traffic reporting.

18. Since at least 2005, Gray has used the FIRST ALERT WEATHER mark in interstate commerce in connection with its weather reporting services. Examples of Gray's use of the FIRST ALERT WEATHER mark are depicted below.




FIRST ALERT
WEATHER


FIRST ALERT WEATHER
SATELLITE & RADAR
FRI 5:18 PM
LIGHT
HEAVY
RICHMOND
STONY KNOLL
BOONE
GREENSBORO
ASHEVILLE
CHARLOTTE
GAFFNEY
ROCKINGHAM
GREENVILLE
LANCASTER
FIRST ALERT WEATHER
AMS CERTIFIED
LISA VILLEGAS
WBTV
5:18 93°
ON YOUR SIDE


FIRST
ALERT
10
WEATHER


FIRST ALERT
WEATHER
SEVERE OUTLOOK
TODAY
1 MARG
2 SLIGHT
3 ENHANCED
4 MOD
5 HIGH
DAMAGING WINDS
FREQUENT LIGHTNING
AFTERNOON EVENING
JONESBORO
JACKSON
MARYVILLE
GUNTERSVILLE
CALHOUN
ROME
SMITH LAKE
ROSWELL
JASPER
ATLANTA
FAYETTE
BIRMINGHAM
PEACHTREE CI
TUSCALOOSA
ALABASTER
KOSCIUSKO
LA GRANGE
PHILADELPHIA
EUTAW
MARION
DEMOPOLIS
SELMA
FOREST
MERIDIAN
11:17
84°
WBRC
FOX 6 NEWS
SPONSORED BY
CRANEWORKS
LOCAL
UND IN DISTRESS, IN NEED OF MEDICAL ATTENTION AT ALABASTER HO

# First Alert Weather

Download the App | Severe Weather 101 | Radar | Weather Cams | Weather or Not! Podcast | Closings | Weather Alerts | Tropics Tracker

## Not as hot Thursday with a return to typical June heat, daily storm chances through this weekend

*Updated: 9 hours ago*

**GREENVILLE, S.C. (FOX Carolina)** - The intense heat is breaking and with it a return to typical late June heat & humidity with a daily chance of afternoon showers and storms.

**Read More...**






**Adam McWilliams**
First Alert Meteorologist, FOX Carolina News

12 NEWS FIRST ALERT WEATHER

57° Johnson City, NY

News | Weather | Jeff Kies Auto Sports Desk | Around the Tiers | Watch | Memorials | Contact Us

ADVERTISEMENT



SAVE UP TO
$100 OFF
A STANDARD FRONT AND REAR BRAKE SERVICE
(OR $50 OFF A FRONT OR REAR SERVICE)
TIRES PLUS TOTAL CAR CARE
JUNE 1 - 30, 2025
GET OFFER
Conditions apply. Click for details.

# Weather

Radar | Weather Alerts | Weather Cameras | Map Room | Closings | Download the Weather App

## Weekend brings mixed bag to the Southern Tier

*Updated: 3 hours ago*

Today: Mostly cloudy. Isolated showers. Cooler. Chance of rain 30%. Wind: SE 6-12. High: 68-76.

**Read More...**






**Connor Thompson**
Meteorologist

19. Gray is the owner of a federal trademark registration, Reg. No. 3,290,987, issued by the United States Patent and Trademark Office ("USPTO") on September 11, 2007, for FIRST ALERT WEATHER for "entertainment services in the nature of on-going television programs in the field of weather and weather reporting." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 1**.

20. Since at least 2006, Gray has used the FIRST ALERT TRAFFIC mark in interstate commerce in connection with its traffic reporting services. Examples of Gray's use of the FIRST ALERT TRAFFIC mark are depicted below.




INTERSTATE 24 CONSTRUCTION
ALTERNATING CLOSED LANES
FIRST ALERT
TRAFFIC
MILE MARKER 8
I-24
EXIT 16
MAXAR
FIRST ALERT TRAFFIC
5:07 84°
HEARTLAND
NEWS


FIRST ALERT
WEATHER
FIRST ALERT TRAFFIC
SPONSORED BY:
TOYOTA
FLINT
BRIDGEPORT
VASSAR
MAYVILLE
CHESANING
CLIO
OTISVILLE
DEERFIELD TWP
MT. MORRIS
GOODLAND
FLUSHING
LAPEER
DAVISON
IMLAY CITY
OWOSSO
FLINT
SWARTZ CREEK
BENNINGTON
VERNON
DURAND
GRAND BLANC
PERRY
FENTON
2:07
54°
WNEM




21. Gray is the owner of a federal trademark registration, Reg. No. 5,124,219, issued by the USPTO on January 17, 2017, for FIRST ALERT TRAFFIC, for "entertainment services in the nature of ongoing television programs in the fields of traffic and traffic reporting." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

26. Gray is a well-known and well-respected provider of local television and digital programming, and the FIRST ALERT Marks have become associated with the high-quality, accurate, and breaking reporting provided by Gray and its television stations in markets across the United States.

27. Gray and its television stations have engaged in consistent and sustained weather and traffic reporting under the FIRST ALERT Marks. For example:

a. Atlanta News First, a Gray station serving Atlanta, GA and surrounding areas, offers

weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at www.atlantanewsfirst.com/weather and traffic reporting under the FIRST ALERT TRAFFIC mark through its television broadcasts and its website at www.atlantanewsfirst.com/traffic. Atlanta News First also offers weather reporting through its ANF First Alert Weather phone app, available on the Apple App Store and Google Play Store.

b. WBRC, a Gray station serving Birmingham, AL and surrounding areas, offers weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at www.wbrc.com/weather and traffic reporting under the FIRST ALERT TRAFFIC mark through its television broadcasts and its website at www.wbrc.com/traffic. WBRC also offers weather reporting through its WBRC First Alert Weather phone app, available on the Apple App Store and Google Play Store.

c. FOX Carolina, a Gray station serving Greenville, SC and surrounding areas, offers weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at www.foxcarolina.com/weather and traffic reporting under the FIRST ALERT TRAFFIC mark through its television broadcasts and its website at www.foxcarolina.com/traffic.

d. WFSB, a Gray station serving Hartford, CT and surrounding areas, offers weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at www.wfsb.com/weather and traffic reporting under the FIRST ALERT TRAFFIC mark through its television broadcasts and its website at www.wfsb.com/traffic.

e. WAFB, a Gray station serving Baton Rouge, LA and surrounding areas, offers

weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at www.wafb.com/weather and traffic reporting under the FIRST ALERT TRAFFIC mark through its television broadcasts and its website at www.wafb.com/traffic.

f. WFLX, a Gray station serving West Palm Beach, FL and surrounding areas, offers weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at www.wflx.com/weather.

g. WCAX, a Gray station serving Burlington, VT and surrounding areas, offers weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at www.wcax.com/weather.

h. WBTV, a Gray station serving Charlotte, NC and surrounding areas, offers weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at www.wbtv.com/weather.

i. WBNG, a Gray station serving Binghamton, NY and surrounding areas, offers weather reporting under the FIRST ALERT WEATHER mark through its television broadcasts and its website at https://www.wbng.com/weather/ and traffic reporting under the FIRST ALERT TRAFFIC mark through its television broadcasts and its website at https://www.wbng.com/news/traffic/.

28. Gray has made significant financial investments promoting its FIRST ALERT Marks, and its television station portfolio includes 77 markets with the top-rated television station and 100 markets with the first- and/or second-highest rated television station.

29. At various points in time, Gray has licensed its FIRST ALERT Marks to Hearst-owned stations, such as WPTZ in Burlington, Vermont; WESH and WKCF in the Orlando,

Florida area; and WPBF in West Palm Beach, Florida. All such licenses have now expired. Hearst continues to license use of the FIRST ALERT TRAFFIC mark for Hearst-owned stations in Kansas City.

30. Hearst's License Agreements to use the FIRST ALERT Marks underscore its recognition of Gray's exclusive rights in those marks and its knowing and willful subsequent adoption of confusingly similar marks after those licenses expired.

**B. Hearst's Infringement and Unfair Competition**

31. Hearst, a long-time direct competitor of Gray in local news, weather, and traffic reporting, has begun using FIRST WARNING WEATHER in connection with weather reporting services in a manner that is a confusingly similar imitation of Gray's FIRST ALERT WEATHER mark in terms of sight, sound and meaning.

32. Hearst also has begun using FIRST WARNING TRAFFIC in connection with traffic reporting services in a manner that is a confusingly similar imitation of Gray's FIRST ALERT TRAFFIC mark in terms of sight, sound and meaning.

33. Representative examples of the Infringing Marks as used by Hearst through its television stations and related websites appear below:


THE LATEST VIDEO FORECAST
NBC 5
FIRST WARNING
WEATHER
WeatheRate
CERTIFIED MOST ACCURATE
VERMONT & NORTHERN NEW YORK


WESH 2
FIRST WARNING
WEATHER
WESH 2


abc
25 WPBF
FIRST WARNING
WEATHER
IMPACT WEATHER
25 WPBF NEWS
73°
4:31


WDSU
FIRST WARNING
WEATHER
FIRST WARNING WEATHER
WDSU
89°
12:17







First Warning Traffic: Crash shuts down Florida's Turnpike southbound in Lake County




34. Indeed, as many of Hearst's uses of the Infringing Marks indicate, Hearst has even copied the red, black and white stylized depictions of the FIRST ALERT Marks:

| Gray | Hearst |
|---|---|
| FIRST ALERT WEATHER | FIRST WARNING WEATHER |
| FIRST ALERT WEATHER | FIRST WARNING WEATHER |

35. Upon information and belief, Hearst began using the Infringing Marks on its television stations long after Gray began using and had federally registered its FIRST ALERT Marks and after Hearst's licenses to use the FIRST ALERT Marks expired. For example:

a. WPTZ, a Hearst television station serving Burlington, VT and surrounding areas, including upstate New York, began using the Infringing Marks in approximately February 2021, shortly after its license to use Gray's FIRST ALERT WEATHER mark ended.

b. WESH, a Hearst television station serving Orlando, FL and surrounding areas, began using the Infringing Marks in the Summer of 2021, just before its license to use Gray's FIRST ALERT WEATHER mark was set to end on December 31, 2021.

c. WPBF, a Hearst television station serving West Palm Beach, FL and surrounding areas, began using the Infringing Marks in approximately late 2019 or early 2020, around the time its license to use Gray's FIRST ALERT WEATHER mark ended on December 31, 2019.

d. WDSU, a Hearst television station serving New Orleans, LA and surrounding areas, began using the Infringing Marks in approximately September 2023.

e. WVTM, a Hearst television station serving Birmingham, AL and surrounding areas, began using the Infringing Marks on April 28, 2025.

36. On January 9, 2024, Defendant Hearst Television, Inc. applied to the USPTO for a federal trademark registration for the FIRST WARNING WEATHER mark in connection with "Television news programming in the nature of television programs featuring weather news and information."

37. The USPTO refused to register Hearst's FIRST WARNING WEATHER mark on the ground that it was likely to be confused with Gray's previously registered FIRST ALERT WEATHER mark. In its August 8, 2024 Office Action, the USPTO concluded "[b]ecause the marks in this case look and sound similar and create the same commercial impression, the marks are considered similar for likelihood of confusion purposes." The USPTO further explained that "[b]ecause the marks are highly similar and the services are encompassing, there is a likelihood of confusion as to the source of [Hearst's] services." Hearst did not respond to or otherwise challenge the conclusions of the USPTO reflected in its August 8, 2024 Office Action, so the USPTO deemed Hearst's application abandoned on November 22, 2024.

38. The Infringing Marks are used in connection with weather and traffic reporting that is not produced by Gray, nor are Hearst and its stations associated, affiliated, or connected with Gray, or currently licensed, authorized, sponsored, endorsed, or approved by Gray in any way.

39. Hearst's use of marks that are confusingly similar imitations of Gray's FIRST ALERT Marks in terms of sight, sound and meaning is likely to deceive, confuse, and mislead consumers into believing that services offered under the Infringing Marks are produced or authorized by, or in some manner associated or affiliated with Gray, when they are not.

40. Consumers of local news services are typically "low-consideration" consumers. The low degree of care with which they select news and traffic reporting exacerbates the risk of confusion.

41. As a trademark licensee of Gray, and on information and belief, Hearst knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of the FIRST ALERT Marks in connection with identical services covered by the

FIRST ALERT Marks, trading on the goodwill associated with the FIRST ALERT Marks and consumers' trust therein to Heart's benefit and Gray's detriment.

42. The likelihood of confusion, mistake, and deception engendered by Hearst's infringement of Gray's FIRST ALERT Marks is causing and will continue to cause irreparable harm to the goodwill symbolized by the FIRST ALERT Marks and the reputation for quality that they embody.

### C. The Parties' Prior License Agreements

43. Hearst and its affiliated stations have previously entered into agreements with Gray or its predecessors-in-interest to use the FIRST ALERT Marks. For example, the parties have entered into the following License Agreements:

a. On January 1, 2015, the parties entered into a trademark license agreement for WESH-TV and WKCF-TV to license use of the FIRST ALERT WEATHER mark in connection with weather reporting services in Orlando, Florida until December 31, 2017. A true and correct copy of the Agreement with WESH-TV and WKCF-TV is attached at **Exhibit 3**.

b. On January 1, 2018, the parties renewed the license agreement for WESH-TV and WKCF-TV until December 31, 2020. A true and correct copy of the 2018 Renewed Agreement with WESH-TV and WKCF-TV is attached at **Exhibit 4**.

c. On January 1, 2021, the parties amended the license agreement for WESH-TV and WKCF-TV to use the FIRST ALERT WEATHER mark, extending the term of the license until December 31, 2021. A true and correct copy of the 2021 Renewed Agreement with WESH-TV and WKCF-TV is attached at **Exhibit 5**.

d. On January 1, 2019, the parties entered into a trademark license agreement for WESH-TV and WKCF-TV to license use of the FIRST ALERT TRAFFIC mark in connection with traffic reporting services in Orlando, Florida until December 31, 2021. A true and correct copy of the Agreement with WESH-TV and WKCF-TV is attached at **Exhibit 6**.

e. On January 1, 2015, the parties entered into a trademark license agreement for WPBF-TV to license use of the FIRST ALERT WEATHER mark in connection with weather reporting services in West Palm Beach, Florida until December 31, 2017. A true and correct copy of the Agreement with WPBF-TV is attached at **Exhibit 7**.

f. On January 1, 2017, the parties entered into a trademark license agreement for WPBF-TV to license use of the FIRST ALERT TRAFFIC mark in connection with traffic reporting services in West Palm Beach, Florida until December 31, 2019. A true and correct copy of the 2017 Agreement with WPBF-TV is attached at **Exhibit 8**.

g. On January 1, 2018, the parties renewed the license agreement for WPBF-TV to use FIRST ALERT WEATHER until December 31, 2019. A true and correct copy of the 2018 Renewed Agreement with WPBF-TV is attached at **Exhibit 9**.

h. On October 6, 2015, the parties entered into a trademark license agreement for WPTZ-TV to license use of the FIRST ALERT WEATHER mark in connection with weather reporting services in Burlington, Vermont and Plattsburgh, New York until December 31, 2017. A true and correct copy of the Agreement with WPTZ-TV is attached at **Exhibit 10**.

i. On January 1, 2018, the parties renewed the license agreement for WPTZ-TV until December 31, 2020. A true and correct copy of the 2018 Renewed Agreement with WPTZ-TV is attached at **Exhibit 11**.

44. Hearst itself, not just its local affiliates, was a direct party to the License Agreements.

45. On or around the time of expiration of each of the above License Agreements, each Hearst station licensee began using the Infringing Marks in connection with weather and/or traffic reporting.

46. On information and belief, the licensees deliberately waited until the final months of their License Agreements to begin to use or plan use of the Infringing Marks in violation of the License Agreements.

47. On information and belief, the licensees had knowledge of Hearst's planned use of the Infringing Marks even outside their own stations' use.

**D. Gray's Lengthy Efforts to Resolve this Dispute Without Litigation**

48. In October 2023, Gray contacted Hearst and attempted to convince Hearst to cease its ever-expanding use of the Infringing Marks. Discussions between the parties and their in-house counsel continued through 2024. Not only did Hearst not cease its use of the Infringing Marks, it actually broadened its use of the Infringing Marks after those discussions.

49. On June 13, 2025, outside counsel for Gray sent a letter to Hearst, asking that Hearst cease and desist from all use of the Infringing Marks, including but not limited to uses of the Infringing Marks in Burlington, VT (WPTZ), Orlando, FL (WESH), West Palm Beach (WPBF), Greensboro, NC (WXII), New Orleans, LA (WDSU), Birmingham, AL (WVTM) and any other affiliated television stations or local news websites.

50. Hearst failed to comply with the requested response deadlines from Gray and, when Hearst finally responded, Hearst did not agree to cease using the Infringing Marks, necessitating this civil action.

**FIRST CLAIM FOR RELIEF:**
**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**
**(15 U.S.C. § 1114)**

51. Gray repeats and incorporates by reference the allegations in the preceding paragraphs.

52. Hearst's use of marks that are confusingly similar imitations of the FIRST ALERT Marks, in terms of sight, sound and meaning, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that services offered under the Infringing Marks are produced by Gray, or are associated, affiliated, or connected with Gray, or have the sponsorship, endorsement, or approval of Gray.

53. Hearst has used marks confusingly similar to Gray's federally registered marks, in terms of sight, sound and meaning, in violation of 15 U.S.C. §§ 1114 and 1125(a). Hearst's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Gray's goodwill and reputation as symbolized by the FIRST ALERT Marks, for which Gray has no adequate remedy at law.

54. Hearst's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the FIRST ALERT Marks to Gray's great and irreparable harm.

55. Hearst has caused and is likely to continue causing substantial injury to the public and to Gray; therefore, Gray is entitled to injunctive relief and to recover Hearst's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF:**
**UNFAIR COMPETITION UNDER THE LANHAM ACT**
**(15 U.S.C. § 1125(a))**

56. Gray repeats and incorporates by reference the allegations in the preceding paragraphs.

57. Hearst's use of marks that are confusingly similar imitations of the FIRST ALERT Marks, in terms of sight, sound and meaning, has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that services offered under the Infringing Marks are produced by Gray, or are affiliated, connected, or associated with Gray, or have the sponsorship, endorsement, or approval of Gray.

58. Hearst has made false representations, false descriptions, and false designations of its weather and traffic reporting services in violation of 15 U.S.C. § 1125(a). Hearst's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to Gray's goodwill and reputation as symbolized by the FIRST ALERT Marks, for which Gray has no adequate remedy at law.

59. Hearst's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the FIRST ALERT Marks to the great and irreparable injury of Gray.

60. Hearst's conduct has caused, and is likely to continue causing, substantial injury to the public and to Gray. Gray is entitled to injunctive relief and to recover Hearst's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW

61. Gray repeats and incorporates by reference the allegations in the preceding paragraphs.

62. Hearst's use of marks that are confusingly similar imitations of the FIRST ALERT Marks, in terms of sight, sound and meaning, has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Hearst's services, causing a likelihood of confusion as to Hearst's affiliation, connection, or association with Gray, and otherwise damaging the public.

63. Hearst's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (Westlaw through 2024 Sess.); New York, N.Y. GEN. BUS. Law § 349 (Westlaw through 2024 Sess.).

64. Hearst's unauthorized use of confusingly similar imitations of the FIRST ALERT Marks has caused and is likely to cause substantial injury to the public and to Gray. Gray, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Gray prays that:

1. Hearst and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Hearst, or in concert or participation with Hearst, and each of them, be enjoined permanently from:

a. Using the Infringing Marks without a valid license on or in connection with local news, weather, and traffic reporting;

b. using the FIRST ALERT Marks or any other copy, reproduction, colorable imitation, or simulation of the FIRST ALERT Marks without a valid license on or in connection with local news, weather, and traffic reporting; and

c. passing off, palming off, or assisting in the passing off or palming off services offered under the Infringing Marks as that of Gray, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

2. Hearst be compelled to account for and disgorge to Gray any and all profits derived by Hearst from use of the Infringing Marks;

3. Gray be awarded all damages caused by the acts forming the basis of this Complaint, including lost profits, a reasonable royalty, and/or corrective advertising;

4. Based on Hearst's knowing and intentional use of confusingly similar imitations of the FIRST ALERT Marks, the damages awarded be trebled and the award of Hearst's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and state law;

5. Hearst be required to pay to Gray the costs of this action and Gray's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and state law;

6. Based on Hearst's willful and deliberate infringement of the FIRST ALERT Marks, and to deter such conduct in the future, Gray be awarded punitive damages;

7. Gray be awarded prejudgment and post-judgment interest on all monetary awards; and

8. Gray have such other and further relief as the Court may deem just.

**JURY TRIAL DEMAND**

Gray respectfully demands a trial by jury on all claims and issues so triable.

DATED: October 9, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ R. Charles Henn Jr.
R. Charles Henn Jr. (RH 3049)
3 Times Square, 28th Floor
New York, NY 10036
Telephone: (212) 775-8845
chenn@ktslaw.com

Peter Willsey (*pro hac vice*)
701 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20004
Telephone: (202) 508-5867
pwillsey@ktslaw.com

*Attorneys for Plaintiff*