IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRAY LOCAL MEDIA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE HEARST CORPORATION, a Delaware corporation, HEARST TELEVISION, INC., a Delaware corporation, HEARST PROPERTIES, INC., a Delaware corporation, and HEARST STATIONS, INC., a Nevada corporation,<br><br>Defendants. | No. 1:25-cv-5393-MKV<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Except as specifically admitted, Defendants The Hearst Corporation, Hearst Television Inc., Hearst Properties Inc., and Hearst Stations Inc. (collectively, "Hearst"), through their undersigned counsel, deny each and every allegation contained in the Second Amended Complaint of Plaintiff Gray Local Media, Inc. ("Plaintiff" or "Gray") dated October 10, 2025 (ECF No. 36) (the "Second Amended Complaint"). Any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or allegation or in the Second Amended Complaint as a whole.

Gray's headings are included in the answers below for clarity only. Hearst denies any allegations contained in the headings, headers, or unnumbered paragraphs in the Second Amended Complaint. Hearst reserves the right to supplement and/or amend this answer. Hearst further reserves any and all affirmative defenses available to it.

Hearst states as follows in response to the Second Amended Complaint's corresponding numbered allegations:

**SUBSTANCE OF THE ACTION**

1. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

2. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

3. Hearst refers to Gray's federal trademark registration for its true content and meaning. For the remaining allegations in this paragraph, Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

4. Hearst admits that Hearst entities own local television stations in a variety of markets across the United States. Hearst admits that, in some of those markets, Gray also owns a local television station. Hearst admits that Hearst entities previously licensed at least one of the FIRST ALERT Marks for use at WPTZ in Burlington, Vermont, at WESH and WKCF in Orlando, Florida, and at WPBF in West Palm Beach, Florida. Hearst admits that these licenses have expired. Hearst admits that it continues to license use of the FIRST ALERT TRAFFIC mark for use at KMBC in Kansas City, Missouri. Except as so admitted, denied.

5. Denied.

6. Denied.

7. Hearst admits that Gray seeks relief under the Lanham Act and under state law, and that it is seeking the relief it describes in this paragraph. Hearst observes that Gray's claim under New York law has been dismissed. Hearst denies that Gray is entitled to any relief. Except as so admitted, denied.

## PARTIES

8. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

9. Admitted.

10. Admitted.

11. Admitted that Hearst Properties Inc. is a Delaware corporation. Except as so admitted, denied.

12. Admitted.

## JURISDICTION AND VENUE

13. Admitted that the Court has subject matter jurisdiction over the claims in this case.

14. Hearst admits that, in this case, it is subject to personal jurisdiction in the State of New York.

15. Admitted that venue is proper in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Gray's FIRST ALERT Marks.

16. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

17. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

18. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

19. Hearst lacks sufficient knowledge or information to admit or deny the allegations

in this paragraph and, on that basis, denies them.

20. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

21. Hearst refers to Gray's federal trademark registration for its true content and meaning. For the remaining allegations in this paragraph, Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

22. [There is no paragraph 22 in the Second Amended Complaint]

23. [There is no paragraph 23 in the Second Amended Complaint]

24. [There is no paragraph 24 in the Second Amended Complaint]

25. [There is no paragraph 25 in the Second Amended Complaint]

26. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

27. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

28. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

29. Hearst admits that Hearst entities previously licensed at least one of the FIRST ALERT Marks for use at WPTZ in Burlington, Vermont, at WESH and WKCF in Orlando, Florida, and at WPBF in West Palm Beach, Florida. Hearst admits that these licenses have expired. Hearst admits that it continues to license use of the FIRST ALERT TRAFFIC mark for use at KMBC in Kansas City, Missouri. Except as so admitted, denied.

30. Denied.

**B. Hearst's Infringement and Unfair Competition.**

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Hearst admits that WPTZ began using the FIRST WARNING WEATHER mark in approximately February 2021. Hearst admits that WESH began using the FIRST WARNING Marks in the Summer of 2021. Hearst admits that WPBF began using the FIRST WARNING Marks in approximately late 2019 or early 2020. Hearst admits that WESH began using the FIRST WARNING WEATHER mark in September 2023. Except as so admitted, denied.

36. Hearst refers to this application for a federal trademark registration for its true content and meaning. Except as so admitted, denied.

37. Hearst refers to the record before the USPTO regarding this trademark registration, including any order issued by any USPTO examining attorney, for its true content and meaning. Except as so admitted, denied.

38. Denied.

39. Denied.

40. Hearst lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and, on that basis, denies them.

41. Denied.

42. Denied.

**C. The Parties' Prior License Agreements.**

43. Hearst refers to these license agreements for their true content and meaning.

Except as so admitted, denied.

44. Hearst refers to these license agreements for their true content and meaning. Except as so admitted, denied.

45. Denied.

46. Denied.

47. Denied.

**D. Gray's Lengthy Efforts to Resolve this Dispute Without Litigation.**

48. Denied.

49. Hearst admits that, after it had used the FIRST WARNING Marks for almost six years (*see supra* ¶ 35), Gray sent a letter to Hearst on June 13, 2025, demanding that Hearst cease and desist from using the FIRST WARNING marks, and demanding a response within seven days. Hearst refers to this letter for its true content and meaning. Except as so admitted, denied.

50. Hearst admits that, on Wednesday, June 17, 2025, it sent an email to counsel for Gray stating that it would try to respond to Gray's letter by Friday, June 27, 2025. Hearst admits that it did, in fact, respond on Friday, June 27, 2025. Hearst admits that it refused Gray's demands, as Hearst maintained (and still maintains) that the allegations in Gray's letter were meritless. Hearst admits that, on Saturday, June 28, 2025, Gray filed its original complaint in this matter. Except as so admitted, denied.

**FIRST CLAIM FOR RELIEF:**
**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**
**(15 U.S.C. § 1114)**

51. Hearst repeats and restates its responses to the precedent paragraphs of the Second Amended Complaint as if set forth fully herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

**SECOND CLAIM FOR RELIEF:**
**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**
**(15 U.S.C. § 1125(a))**

56. Hearst repeats and restates its responses to the precedent paragraphs of the Second Amended Complaint as if set forth fully herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

**THIRD CLAIM FOR RELIEF:**
**UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW**

61. Hearst repeats and restates its responses to the precedent paragraphs of the Second Amended Complaint as if set forth fully herein.

62. Denied.

63. Denied.

64. Denied.

**PRAYER FOR RELIEF**

**WHEREFORE,** Hearst incorporates by reference its responses to all preceding paragraphs of the Second Amended Complaint as if fully set forth herein. The Relief Requested fails to state any allegation of fact and is therefore denied. Hearst denies that Gray is entitled to any form of relief sought in the Second Amended Complaint or to any other form of relief whatsoever.

## AFFIRMATIVE DEFENSES

Hearst incorporates by reference its foregoing responses to the paragraphs of the Second Amended Complaint as if fully set forth herein. Hearst asserts the following affirmative and other defenses to the claims asserted in the Second Amended Complaint, without assuming any burden of pleading or proof that would otherwise rest on Gray. Hearst reserves the right to amend this Answer and to assert additional defenses and to supplement, alter, or change its Answer and Defenses upon further investigation and discovery.

### First Defense (Failure to State a Claim)

Gray has failed to state a claim upon which relief may be granted.

### Second Defense (Non-Infringement of the Alleged Trademark)

Hearst has not infringed, nor is it infringing, the FIRST ALERT Marks, or any other trademarks asserted by Gray in this action.

### Third Defense (Statute of Limitations)

Gray's state law claims are barred, in whole or in part, by the statute of limitations.

### Fourth Defense (Laches)

Gray's claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Defense (Trademark Misuse)

Gray's claims are barred, in whole or in part, by trade dress misuse.

### Sixth Defense (Invalidity of Alleged Trademark)

Gray's asserted trademark is invalid or otherwise unenforceable.

### Seventh Defense (Limitation on Damages)

Gray's claims for damages and costs are limited by 15 U.S.C. § 1111.

**Eighth Defense (Waiver, Acquiescence, Estoppel)**

Gray's claims are barred, in whole or in part, under the doctrines of waiver, acquiescence, and/or estoppel.

**Reservation of Additional Defenses**

Hearst hereby reserves the right to assert additional affirmative and other defenses as discovery proceeds in this case.

**PRAYER FOR RELIEF**

WHEREFORE, having answered, Hearst respectfully requests that the Court enter judgment granting the following relief in favor of Hearst:

a. That Hearst be awarded costs, reasonable attorneys' fees, and such other awards as are available under statute; and

b. Any other relief as is just, equitable, and proper.

Respectfully Submitted,

*<u>/s/ Nathaniel S. Boyer</u>*

Jonathan R. Donnellan
jdonnellan@hearst.com
Ravi V. Sitwala
rsitwala@hearst.com
Nathaniel S. Boyer
nathaniel.boyer@hearst.com
The Hearst Corporation
Office of General Counsel
300 West 57th Street, 40th Floor
New York, New York 10019
Tel: (212) 649-2030
Fax: (646) 280-2030

*Counsel for Defendants*

Dated: October 26, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 26, 2026.

*/s/ Nathaniel S. Boyer*
Nathaniel S. Boyer